IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS SCROGGINS                  *

    Petitioner,                    *

       v.                      *     CIVIL ACTION NO. GJH-14-2569

FRANK B. BISHOP, JR.               *

    Respondent.                    *

## MEMORANDUM

    Petitioner Francis Scroggins ("Scroggins"), a state inmate incarcerated at the North Branch Correctional Institution, filed the instant self-represented Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his 2006 conviction in the Circuit Court for Baltimore City on a witness intimidation charge claiming that he was improperly sentenced to a twenty year term. *See State v. Scroggins*, Case Number 105325008 (Circuit Court for Baltimore City). Respondent has filed a Limited Response arguing that the Petition is moot. ECF No. 7. Scroggins, who was granted additional time to file a Reply, has filed a Motion requesting a Habeas Corpus Hearing. ECF No. 9. Upon review of the pleadings and exhibits, the Court finds no need for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court concludes that the Petition is moot, and it will be denied and dismissed by separate Order.

### I. Procedural History

    Subsequent to a jury trial, in July of 2006, Scroggins was convicted of two counts of witness

intimidation in the Circuit Court for Baltimore City. ECF No. 7-1 & 7-2. On August 29, 2006, the Circuit Court sentenced Scroggins to serve five years in prison on one of the convictions and a consecutive twenty-year term on the second conviction. *Id.* On August 4, 2008, the Court of Special Appeals of Maryland affirmed the judgment of conviction in an unreported opinion. ECF No. 7-2. Scroggins sought post-conviction review on April 26, 2012, and on June 30, 2014, post-conviction relief was denied. ECF No. 7-1. No appeal was filed.

During the pendency of the post-conviction petition, Scroggins filed a motion to correct an illegal sentence in the Circuit Court for Baltimore City. *Id.* The motion challenged the legality of the twenty-year sentence imposed on one of his witness intimidation convictions, the very same ground raised in this federal Petition. After the filing of this Petition, the Circuit Court granted the motion to correct an illegal sentence and resentenced Scroggins to five years in prison on his witness intimidation count. *Id.* He did not appeal that determination.

## II. Analysis

Scroggins filed this Petition arguing that he was convicted of two counts of misdemeanor witness intimidation and he should not have received more than five years on each of the counts. He therefore argues that his twenty-year (enhanced) sentence imposed by Circuit Court Judge Althea M, Handy is illegal and her refusal to hold a hearing on his motion to correct an illegal sentence violates his constitutional rights.

In order to prevail in a habeas action, Scroggins carries the burden of proof to show a substantial constitutional deprivation. *See Clayton v. Haynes,* 517 F.2d 577, 578 (4th Cir. 1975). Article III, § 2 of the Constitution requires the existence of a "case" or "controversy" throughout all

stages of federal judicial proceedings. This means that, during the entire pendency of the litigation, the litigant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). Thus Scroggins must also raise a "live case or controversy"—one that is not moot. *See Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). As Respondent properly notes, claims for equitable relief become moot when a prisoner is no longer subject to the conditions to which he complained.

Scroggins complains that his twenty-year sentence imposed in *State v. Scroggins*, Case Number 105325008 (Circuit Court for Baltimore City) was excessive and illegal because it was imposed for a felony conviction, when he had in fact committed a misdemeanor. He argues that he should have received a five-year term as to the conviction. The record shows that on August 21, 2014, the criminal case was reactivated by Judge Handy as to Scroggins' motion to correct an illegal sentence and on September 18, 2014, the motion was heard and Scroggins was granted an amended commitment. His sentence was changed to a five-year term. Scroggins has received the habeas relief sought. Consequently, this habeas Petition shall be dismissed as moot.[1]

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at

---

[1] In his motion requesting a habeas corpus hearing, Scroggins seemingly claims that his amended commitment does not correctly reflect Judge Handy's September 18, 2014 award of pre-trial detention credits. ECF No. 9. There is no showing that Scroggins has exhausted his state court remedies as to this new issue.

least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.   Scroggins does not satisfy this standard, and the Court declines to issue a certificate of appealability.

Date:  August 26, 2015

George Jarrod Hazel
United States District Judge